UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

Defendant.
___________________________________/

**INDICTMENT**

The Grand Jury charges:

**Introduction**

At all times relevant to this Indictment:

1. Defendant MOHINDER SINGH was the beneficial owner and operator of Romario's Convenience Store, LLC, used the assumed name "Romario's," and conducted business as "Romario's Party Store" located at 300 W. Grand River Avenue, in Lansing, Michigan (hereinafter, "Romario's").

2. In or about 2018, Defendant MOHINDER SINGH applied for and received authorization from the United States Department of Agriculture ("USDA") for Romario's to accept and redeem benefits under the Supplemental Nutrition Assistance Program, also known as "SNAP" benefits. SNAP, formerly known as the Food Stamp Program, is a federally funded national program jointly administered by the USDA and the Michigan Department of Health & Human Services ("MDHHS"). SNAP provides benefits to low-income individuals and families to help purchase eligible food items. The application form expressly stated that SNAP regulations

prohibit trading cash for SNAP benefits (i.e., trafficking) and accepting SNAP benefits as payment for ineligible items or payment on credit accounts or loans.

3. Stores approved to participate in the SNAP program were issued an authorization number from the USDA Food and Nutrition Administration (formerly known as the Food and Nutrition Service). MDHHS provided eligible SNAP recipients with a network-based, magnetic strip card system to administer the federal benefits. Recipients of SNAP benefits were issued a plastic Electronic Benefit Transfer ("EBT") card and Romario's used a point-of-sale device to obtain funds allocated to recipients' cards. The card was swiped through or manually entered into the point-of-sale device, and the recipient entered a personal identification number to authorize the transaction. Each successful transaction debited a recipient's available SNAP benefit balance for the cash value of items purchased. The system calculated cumulative SNAP sales and authorized electronic payments to Romario's bank account.

4. Pursuant to law and regulations, including 7 C.F.R. § 278.2, SNAP recipients were permitted to exchange benefits only for eligible food items. For example, SNAP benefits could not be exchanged for cash or used to purchase items such as alcoholic beverages or tobacco. Defendant MOHINDER SINGH knew that SNAP law and regulations prohibited, among other acts, trading cash for SNAP benefits; accepting SNAP benefits as payment for ineligible items; and accepting SNAP benefits as payment on credit accounts or loans.

5. Defendant MOHINDER SINGH knowingly and unlawfully exchanged cash and other ineligible items for SNAP benefits with Romario's customers and allowed some customers to use SNAP benefits to pay debts owed to Romario's. Defendant typically provided SNAP recipients with an exchange rate of $0.50 in U.S. currency per $1 of SNAP benefits transferred.

Additionally, Defendant charged a fee payable in SNAP benefits after extending credit to some of Romario's customers.

**<u>COUNT 1</u>**
**(Theft or Conversion of Public Money)**

6. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

7. From no later than in or about August 2022, to in or about December 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly stole, purloined, and converted to his use and the use of another a thing of value of the United States and of a department and agency thereof, namely the United States Department of Agriculture, in that he unlawfully obtained more than $1,000 of SNAP benefits by exchanging cash for food benefits and providing a share of the cash proceeds to customers at Romario's in Lansing.

**18 U.S.C. § 641**
**18 U.S.C. § 2**

**COUNT 2**
**(SNAP Benefits Fraud)**

8. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

9. On or about November 7, 2024, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $272 in SNAP benefits in exchange for $100 cash, a sweatsuit, and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 3**
**(SNAP Benefits Fraud)**

10. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

11. On or about November 20, 2024, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $302 in SNAP benefits in exchange for $150 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

## COUNT 4
**(SNAP Benefits Fraud)**

12. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

13. On or about January 28, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $402 in SNAP benefits in exchange for $200 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 5**
**(SNAP Benefits Fraud)**

14. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

15. On or about February 11, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $502 in SNAP benefits in exchange for $250 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 6**
**(SNAP Benefits Fraud)**

16. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

17. On or about March 24, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $520 in SNAP benefits in exchange for $250 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 7**
**(SNAP Benefits Fraud)**

18. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

19. On or about April 23, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $502 in SNAP benefits in exchange for $250 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 8**
**(SNAP Benefits Fraud)**

20. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

21. On or about May 1, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $508 in SNAP benefits in exchange for $253 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 9**
**(SNAP Benefits Fraud)**

22. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

23. On or about July 18, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $502 in SNAP benefits in exchange for $250 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**COUNT 10**
**(SNAP Benefits Fraud)**

24. The allegations contained in paragraphs 1-5 above are incorporated by reference and re-alleged as if fully set forth herein.

25. On or about September 16, 2025, in Ingham County, in the Southern Division of the Western District of Michigan, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

knowingly acquired Supplemental Nutrition Assistance Program benefits having a value of $100 or more in a manner contrary to law and regulations issued by the United States Department of Agriculture. Specifically, Defendant obtained $503 in SNAP benefits in exchange for $250 cash and a beverage, knowing that the SNAP benefits were transferred and acquired in a manner contrary to law and regulations.

**7 U.S.C. § 2024(b)**

**<u>Forfeiture Allegation</u>**
**(Theft or Conversion of Public Money)**

The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of the offense in violation of 18 U.S.C. § 641 set forth in Count 1 of this Indictment, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $1,089,949.44, which represents the proceeds obtained, directly or indirectly from the offense charged in Count 1 of this Indictment.
2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461(c)**
**21 U.S.C. § 853(p)**
**18 U.S.C. § 641**

**<u>Forfeiture Allegation</u>**
**(SNAP Benefits Fraud)**

The allegations contained in Counts 2 through 10 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 7 U.S.C. § 2024(b) set forth in Counts 2-10 of this Indictment, Defendant,

MOHINDER SINGH,
a/k/a "Vinnie Singh,"

shall forfeit to the United States of America all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, a violation of 7 U.S.C. § 2024(b), and proceeds traceable to a violation of 7 U.S.C. § 2024(b). The property subject to forfeiture shall include, but not be limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $1,089,949.44, which represents the proceeds obtained, directly or indirectly from the offenses charged in Counts 2 through 10 of this Indictment.
2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c).

**7 U.S.C. § 2024(f)**
**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461(c)**
**21 U.S.C. § 853(p)**
**7 U.S.C. § 2024(b)**

A TRUE BILL

[ /s/ Redacted ]

GRAND JURY FOREPERSON

TIMOTHY VERHEY
United States Attorney

Ronald M Stella For

CHRISTOPHER M. O'CONNOR
Assistant United States Attorney